Matter of Wasp (2019 NY Slip Op 01423)





Matter of Wasp


2019 NY Slip Op 01423


Decided on February 27, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN
LINDA CHRISTOPHER, JJ.


2018-09535

[*1]In the Matter of Daniel Richard Wasp, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Daniel Richard Wasp, respondent. (Attorney Registration No. 2927564)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 13, 1999.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On August 6, 2018, the Grievance Committee for the Tenth Judicial District personally served the respondent with a notice of petition and a verified petition dated July 31, 2018, and duly filed those papers with this Court together with an affidavit of service. The petition contains eight charges alleging, among other things, that the respondent misappropriated funds he received in connection with two real estate transactions, neglected a client's legal matter, failed to return a client's legal file and to refund the unearned portion of a retainer fee, and failed to cooperate with the Grievance Committee in connection with seven pending complaints of professional misconduct. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default, and to impose such discipline upon him as this Court deems appropriate. The motion papers were personally served upon the respondent on September 7, 2018, and proof of service was filed with the Court. To date, the respondent has failed to submit papers in response to the instant motion or to file an answer to the verified petition.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, J.P., RIVERA, DILLON, AUSTIN and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daniel Richard Wasp, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Daniel Richard Wasp, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Daniel Richard Wasp, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Daniel Richard Wasp, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
MASTRO, J.P., RIVERA, DILLON, AUSTIN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court